UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

WALHONDE TOOLS, INC., a
West Virginia corporation,
and GARY McCLURE

    Plaintiffs

v.                             Civil Action No. 2:06-0537

ALLEGHENY ENERGY, INC., a
Maryland corporation, ALLEGHENY
ENERGY SUPPLY COMPANY, LLC,
a Delaware Limited Liability
Company,

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending is the plaintiffs' motion, filed February 8, 2008, requesting leave to file under seal six exhibits attached to their motion for summary judgment ("motion to seal"). This motion is unopposed.

As grounds for their motion to seal, the plaintiffs assert that the documents at issue have been designated as confidential pursuant to protective orders, entered January 12, 2007, and August 14, 2007, and that according to these protective orders, documents designated as such may not be divulged to the public. The plaintiffs explain that the documents have been designated as confidential because they contain proprietary

business information, and that good cause exists under Local Rule of Civil Procedure 26.4(b)(2) for restricting their dissemination.

The court first notes that "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000). The right of public access to court documents derives from two separate sources: the common law and the First Amendment. The common law right affords presumptive access to all judicial records and documents. Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access. Nixon, 435 U.S. at 598-99, 602-03; In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984). Quoting Knight, our court of appeals observed recently as follows:

> Some of the factors to be weighed in the common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."

<u>Virginia Dept. of State Police v. Washington Post</u>, 386 F.3d 567, 575 (4th Cir. 2004) (quoting <u>Knight</u>, 743 F.2d at 235) (emphasis supplied).

The Court of Appeals for the Fourth Circuit has observed that exhibits to summary judgment motions deserve special consideration for public access:

> [I]n <u>Rushford[ v. New Yorker Magazine, Inc.</u>, 846 F.2d 249 (4th Cir. 1988),] we considered the propriety of a district court's order sealing documents that were attached to a successful summary judgment motion. Although the documents had been the subject of a pretrial discovery protective order, we observed that once the documents were made part of a dispositive motion, they lost their status as being "raw fruits of discovery," and that discovery, "which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court." After noting that summary judgment "serves as a substitute for a trial" and that we had held in a prior case that the First Amendment standard should apply to documents filed in connection with plea and sentencing hearings in criminal cases, we held that "the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case."
>
> Although we recognized that "there may be instances in which discovery materials should be kept under seal even after they are made part of a dispositive motion," we stated that the district court must make that determination "at the time it grants a summary judgment motion and not merely allow continued effect to a pretrial discovery protective order." We noted that "[t]he reasons for granting a protective order to facilitate pre-trial discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents," and we remanded the case to the district court in order for it to

3

>    determine under the appropriate substantive and
>    procedural standards whether the documents should
>    remain sealed.

Id. at 576-77 (citations omitted).

Assuming the First Amendment right applies to these particular documents, the movant's burden is more substantial. To obtain a sealing order under the First Amendment rubric, the movant must show "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest."  Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606-07 (1982); Virginia, 386 F.3d at 573; Stone, 855 F.2d at 180.

The plaintiffs have not made the showing necessary to obtain a sealing order as to the six exhibits attached to their motion for summary judgment for which sealing has been sought. In the interests of justice, however, the court will provide plaintiffs a further opportunity to make the required showing no later than October 10, 2008.  The court, accordingly, ORDERS that its memorandum opinion and order resolving the parties' dispositive motions, entered this day, be and it hereby is, filed provisionally under seal, pending further order.  The memorandum opinion and order will be unsealed if the plaintiffs fail to make the necessary showing to support a sealing order.  The court

4

further ORDERS as follows:

1. That the motion to seal be, and it hereby is, denied without prejudice;

2. That the plaintiffs be, and they hereby are, directed to submit a revised sealing request, taking into consideration the alternatives to sealing (such as redaction) for those portions of the agreement for which confidentiality is unnecessary, and bearing in mind that sealing is the infrequent exception and not the rule;

3. That the aforementioned sealing request be, and it hereby is, directed to be submitted by October 10, 2008; and

4. That the parties are directed to appear before the undersigned for a status conference at 11:30 a.m. on October 10, 2008.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: September 30, 2008

John T. Copenhaver, Jr.
United States District Judge